**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BENJAMIN & BROTHERS, LLC,**

    **Plaintiff,**

**v.**           Case No: 6:18-cv-1807-Orl-31DCI

**SCOTTSDALE INDEMNITY COMPANY,**

    **Defendant.**

## ORDER

This Matter comes before the Court without a hearing on the Defendant's Motion to Dismiss (Doc. 18), the Plaintiff's Response (Doc. 24), and the Defendant's Reply (Doc. 30).

**I.    Background**

According to the Complaint, Defendant Scottsdale Indemnity Company ("Scottsdale") is contractually obligated to defend Plaintiff Benjamin Brothers, LLC ("B&B) against a lawsuit currently pending in the United States District Court for the District of Utah. Doc. 1 ¶1. The Plaintiff alleges that Scottsdale breached an insurance contract, entitled the Business and Management Indemnity Policy ("Policy"). Doc. 1 ¶1, 7. The Policy provides, among other things, "Directors and Officers and Company liability coverage ('D&O Coverage') to [the Plaintiff] on a 'claims made'

basis." Doc. 1 ¶ 8. This coverage includes a duty to defend[1] as well as a duty to indemnify against losses incurred as a result of claims made against the company for wrongful acts.[2]

Travelpass Group, LLC ("Travelpass") filed a suit against B&B, and Scottsdale denied coverage for the claim and refused to provide a defense. Doc. 1 ¶13-16. In its suit, Travelpass alleges that B&B misappropriated trade secret data. Scottsdale claims that, because of the Policy's Intellectual Property Exclusion,[3] it has no duty to defend against this particular claim. Doc. 18 at 1.

## II. Legal Standards

### A. Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual

---

[1] "It shall be the duty of the Insurer and not the duty of the Insureds to defend any Claim. Such duty shall exist even if any of the allegations are groundless, false or fraudulent. The Insurer's duty to defend any Claim shall cease when the Limits of Liability have been exhausted by the payment of Loss including Costs, Charges and Expenses." Doc. 1-1 at 24.

[2] "The Insurer shall pay the Loss of the Company which the Company becomes legally obligated to pay by reason of a Claim first made against the Company during the Policy Period or, if applicable, the Extended Period, and reported to the Insurer pursuant to Section E.1. herein, for any Wrongful Act taking place prior to the end of the Policy Period." Doc. 1-1 at 18. The parties refer to this clause as "Insuring Clause 3."

[3] "Insurer shall not be liable for Loss on account of any Claim . . . alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving . . . any actual or alleged infringement, misappropriation, or violation of copyright, patent, service marks, trademarks, trade secrets, title or other proprietary or licensing rights or intellectual property of any products, technologies services . . ." Doc. 1-1 at 22-23.

deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

### B. Insurance Policies

Under Florida law, interpretation of an insurance contract is a question of law to be decided by the Court. *Gulf Tampa Drydock Co. v. Great Atlantic Ins. Co.*, 757 F.2d 1172, 1174 (11th Cir. 1985) (citations omitted).

> Where the language in an insurance contract is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning so as to give effect to the policy as written. In construing insurance contracts, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect. Courts should avoid simply concentrating on certain limited provisions to the exclusion of the totality of others. However, policy language is considered to be ambiguous if the language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage.

*Washington Nat. Ins. Corp. v. Ruderman*, 117 So. 3d 943, 948 (Fla. 2013) (internal citations and quotations omitted). Courts are to liberally construe ambiguous language in favor of coverage and strictly against the insurer. *Id.* at 949–50. The burden of proving that a claim is excluded from coverage is borne by the insurer. *Zurich Am. Ins. Co. v. S.-Owners Ins. Co.*, 314 F. Supp. 3d 1284, 1298 (M.D. Fla. 2018).

### III. Analysis

The Plaintiff argues that Scottsdale is obligated to defend it against the misappropriation suit and that a distinction must be drawn between the duty to defend and the duty to indemnify. According to the Plaintiff, the Intellectual Property Exclusion is only applicable to the duty to indemnify, and not the broader duty to defend. The Plaintiff goes so far as to state that the duty to defend imposed by the Policy is "unqualified." But such a conclusion would lead to absurd results. Common sense prevents the Court from construing the Policy to impose on the Insurer a duty to defend against literally any claim. Looking at the Policy as a whole, it is clear that Scottsdale's duty to defend is limited by the exclusionary clauses.

The Intellectual Property Exclusion applies to losses incurred as a result of intellectual property claims brought against the Plaintiff. Under the Policy, "loss" is defined as "damages, judgments, settlements, pre-judgment or post-judgment interest awarded by a court, and Costs, Charges and Expenses incurred by Directors and Officers under Insuring Clauses 1 or 2, or the Company under Insuring Clause 3." Doc. 1-1 at 19 ¶7. "Costs, Charges and Expenses" include "reasonable and necessary legal costs, charges, fees and expenses incurred by any of the Insureds in defending Claims." Doc. 1-1 at 18 ¶ 3. The Plaintiff is suing for legal costs it incurred in defending against a claim. Doc. 1 ¶ 31. Accordingly, the legal costs the Plaintiff is suing for constitute a loss under the Policy, and that loss is excluded under the Intellectual Property Exclusion.

### IV. Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss (Doc. 18) is **GRANTED**. The Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 20, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party